**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ABDUL ZEIDAN, | CIVIL ACTION |
| Plaintiff, | |
| | COMPLAINT 1:19-cv-02189 |
| v. | |
| MERCHANTS & MEDICAL CREDIT | JURY TRIAL DEMANDED |
| CORPORATION, INC., | |
| Defendant. | |

## COMPLAINT

**NOW COMES** Abdul Zeidan ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Merchants & Medical Credit Corporation, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Alleged matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois, and Plaintiff resides in the Northern District of Illinois.

1

**PARTIES**

4.   Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

5.   Defendant is a collection agency with its principal place of business located at 6324 Taylor Drive Flint, Michigan 48507. The principal purpose of Defendant's business is the collection of consumer debts. Defendant collects or attempts to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Texas.

**FACTS SUPPORTING CAUSES OF ACTION**

6.   On January 23, 2019, Plaintiff sought to purchase a new home. As part of the mortgage loan process, Plaintiff's credit reports were procured by a mortgage lender to establish Plaintiff's credit worthiness for pre-qualification.

7.   The Mortgage lender accessed his credit reports through CBC Innovis, Inc., and found that Defendant reported Plaintiff as in collections, with a balance of $848.00, and a past due amount of $848.00 ("alleged debt") to all three major credit reporting agencies, Equifax, Experian, and Transunion.

8.   Bewildered by Defendant's reporting, Plaintiff immediately called Defendant to ascertain what the alleged debt was for and why it was being reported in his credit reports. Defendant informed Plaintiff that the alleged debt stems from an Ambulance transfer back in September 2016 from UM Hospital to Heartland Healthcare in Michigan. The Defendant claimed that it tried

contacting Plaintiff at the following number 313-X63-4556.[1] The listed number is not and has never been Plaintiff's phone number.

9.   Plaintiff explained that he never used Huron Valley's ambulance service nor has he ever been to Michigan and explained that this bill belongs to a different person or could be a result of identity theft. Plaintiff ended the conversation by disputing the alleged debt and requesting Defendant to promptly remove it from his credit reports.

10. On January 25, 2019, to further verify the false credit reporting, Plaintiff called UM Hospital and spoke to a representative by the name of Bruce B., who told him that UM Hospital does not have an account for him after he verified Plaintiff's social security number, date of birth, and address.

11. Immediately thereafter, Plaintiff called Heathland Healthcare and it transferred him to another location in Dearborn Heights, Michigan in which he spoke to a representative named Melany. Melany could not find an account for Plaintiff in their system but told him that there is an account for a different Zeidan with a different social security number, date of birth, and address.

12. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

13. Defendant's conduct was false and misleading because it reported the alleged debt on Plaintiff's credit report when it had actual knowledge that Plaintiff did not legally owe the alleged debt.

---

[1] At all times relevant, this phone number when searched, belonged to an unknown person with a different first name as Plaintiff, but with the same last name, Zeidan, who resides in Michigan. At no time did Plaintiff have any affiliations or relationship with this person.

**DAMAGES**

14. Defendant's misleading and deceptive conduct has severely disrupted Plaintiff's daily life and general well-being.

15. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, emotional distress, mental anguish, anxiety, the loss of credit, frustration and aggravation associated with attempting to fix the inaccurate credit reporting.

16. The inaccurate reporting of alleged debt continues to have significant adverse effects on Plaintiff's credit rating and his ability to obtain financing because it creates a false impression that Plaintiff is delinquent, rendering Plaintiff a high risk consumer.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

17. Plaintiff restates and realleges paragraphs 1 through 16 as though fully set forth herein.

18. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

19. The alleged alleged debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

20. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, telephones, and credit reporting to collect delinquent accounts allegedly owed to a third party.

21. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

22. Defendant used the telephone and mail to attempt to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

4

23. Defendant's communications to Plaintiff were made in connection with the collection of the alleged debt.

24. Defendant violated 15 U.S.C. §§1692e, e(2), e(8), e(10) and f through its unlawful debt collection practices.

### a. Violations of FDCPA § 1692e

25. Defendant violated §1692e by using false, deceptive, and misleading means in connection with collection of the alleged debt. Specifically, Defendant reported false and inaccurate information to the credit agencies in regards to the alleged debt. Defendant falsely reported the alleged debt on Plaintiff's credit report when Plaintiff did not legally owe the alleged debt.

26. Defendant violated §1692e(2) when Defendant misleadingly represented the character, amount, and legal status of the alleged debt on Plaintiff's credit reports in an attempt to dragoon Plaintiff into paying a debt not legally owed. At no time did Plaintiff owe the alleged debt and after putting Defendant on notice of this misleading representation, Defendant chose to continue to report the alleged debt to the major credit reporting agencies.

27. Defendant violated §1692e(8) by threatening and communicating false and inaccurate information to the three major credit reporting agencies regarding the alleged debt in which it knew or should have known not to be belonging to Plaintiff and its failure to notate the alleged debt as disputed. Specifically, on January 23, 2019, Plaintiff spoke with Defendant and requested Defendant to remove the inaccurate information from his credit reports as it did not belong to him. Despite knowingly reporting the derogatory alleged debt on Plaintiff's credit reports and Plaintiff's dispute of the same, Defendant continued to report the inaccurate and false information and failed to notate it as disputed.

5

28. Defendant violated §1692e(10) by falsely and deceptively representing that Plaintiff owed the alleged debt when it reported the alleged debt on Plaintiff's credit reports as in collections, with a balance, and a past due amount when Plaintiff did not owe the alleged debt as Defendant knew it belonged to another person with a similar name.

29. Defendant's false conduct embarrassed Plaintiff in the presence of his mortgage lender and was forced to forego pre-qualification of a new mortgage. Defendant's false reporting caused adverse effects on Plaintiff's credit score and severely damaged Plaintiff's creditworthiness. Plaintiff was forced to lose valuable time by calling various companies in order to show that he in fact did not owe the alleged debt.

**b. Violations of FDCPA § 1692f**

30. Defendant violated §1692f by using unfair and unconscionable means in attempt to collect on the alleged debt.

31. Defendant unconscionably reported the alleged debt on Plaintiff's credit report. Defendant's unfair conduct caused Plaintiff a great amount of embarrassment in front of a mortgage lender.

32. As an experienced debt collector, Defendant knew or should have known the ramifications of reporting false information to a credit reporting agency.

33. Upon information and belief, Defendant systematically reports false information to credit agencies in order to aggressively collect debts allegedly in default to increase its profitability at the consumers' expense.

34. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff ABDUL ZEIDAN respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Order the immediate deletion of all adverse credit reporting relating to the alleged debt;

    a. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    b. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    c. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: March 29, 2019                          Respectfully Submitted,

/s/ Marwan R. Daher                       /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                    Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                       *Counsel for Plaintiff*
Sulaiman Law Group, Ltd.                Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200      2500 South Highland Avenue, Suite 200
Lombard, IL 60148                         Lombard, IL 60148
Telephone: (630) 537-1770             Telephone: (630) 575-8141
mdaher@sulaimanlaw.com                osulaiman@sulaimanlaw.com