**INITIAL STATUS REPORT**

This case has been assigned to the calendar of Judge Edmond E. Chang. The parties are directed to meet pursuant to Federal Rule of Civil Procedure 26(f) and hold a planning conference. For those cases that are subject to the **Mandatory Initial Discovery Pilot Project** (see Judge Chang's Case Management Procedures web page for more information), the parties must discuss and follow the requirements of the Standing Order Regarding Mandatory Initial Discovery (also available on the same web page).

At least 3 business days (unless otherwise ordered) before the initial status in this case, please file a **joint** initial status report containing the following information:

1. **The Nature of the Case**

    a. Identify the attorneys of record for each party, including the lead trial attorney.
    b. State the basis for federal jurisdiction.
    c. Describe the nature of the claims asserted in the complaint and any counterclaims.
    d. State the major legal and factual issues in the case.
    e. Describe the relief sought by the plaintiff(s).

2. **Pending Motions and Case Plan**

    a. State the status of service of process on each defendant.
    b. Identify all pending motions.
    c. **For cases in the Mandatory Initial Discovery Pilot Project**, submit the following information.
        i. The general type of discovery needed.
        ii. The due dates of the Mandatory Initial Discovery disclosures, including the due date of the initial responses and ESI disclosures.
        iii. Provide a description of the parties' discussions of the mandatory initial discovery responses required by the Pilot Project. The report should describe the resolution of any limitations invoked by any party in its response, as well as any unresolved limitations or other discovery issues. To the extent that there are any unresolved limitations or discovery issues, the parties shall attach the initial and supplemental responses, as well as any other discovery requests, objections, and responses, which are involved in the unresolved matters. Of

1

        course, during the Rule 26(f) conference, parties should discuss the mandatory initial discovery responses and seek to resolve any limitations they have made or intend to make.

      iv.    A date to issue the first-set of written discovery requests.
      v.    A fact discovery completion date.
      vi.    If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports (or summaries for non-retained expert testimony).
      vii.    A date for the filing of dispositive motions.

    d.    For cases **not** in the Mandatory Initial Discovery Pilot Project, submit a proposal for a discovery plan, including the following information:

      i.    The general type of discovery needed.
      ii.    A date for Rule 26(a)(1) disclosures.
      iii.    A date to issue the first-set of written discovery requests.
      iv.    A fact discovery completion date.
      v.    If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports (or summaries for non-retained expert testimony).
      vi.    A date for the filing of dispositive motions.

    e.    State whether a jury trial is requested and the probable length of trial.

    f.    State whether the parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).

**3.    Consent to Proceed Before a Magistrate Judge**

    a.    State whether the parties consent unanimously to proceed before a Magistrate Judge for all purposes, including entry of final judgment. The Court *strongly* encourages parties to consent to the jurisdiction of the Magistrate Judge.

4.    **Status of Settlement Discussions**

    a.    State whether any settlement discussions have occurred;
    b.    Describe the status of any settlement discussions; and
    c.    Whether the parties request a settlement conference.

Last updated: May 31, 2017